EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Juan Maldonado De Jesús y Aaron Vick<br><br>Recurridos | Certiorari<br><br>2023 TSPR 114<br><br>212 DPR ___ |

Número del Caso: CC-2023-0318

Fecha: 22 de septiembre de 2023

Tribunal de Apelaciones:

    Panel II

Abogados de la parte peticionaria:

    Lcdo. Ramón Mendoza Rosario
    Lcdo. Manuel Núñez Corrada
    Lcda. Zulma I. Fuster Troche

Abogados de la parte recurrida:

    Lcda. Mayra E. López Mulero
    Lcdo. Alberto C. Rivera Ramos
    Lcdo. Yancarlos Maysonet Hernandez
    Lcdo. Guillermo Ramos Luiña
    Lcdo. Leonardo M. Aldridge

Materia: Ley para crear la Oficina del Panel sobre el Fiscal Especial Independiente – Jurisdicción de los Fiscales Especiales Independientes en casos en los que únicamente se presentan cargos criminales contra individuos particulares cuya presunta conducta delictiva es descubierta como resultado de la investigación encomendada por el Panel sobre el Fiscal Especial Independiente.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Peticionario

       v.                      CC-2023-318         *Certiorari*

Juan Maldonado De Jesús y
Aaron Vick

     Recurridos

El Juez Asociado Señor Feliberti Cintrón emitió la Opinión del Tribunal.

En San Juan, Puerto Rico, a 22 de septiembre de 2023.

Este caso nos brinda la oportunidad de ratificar lo resuelto en <u>Pueblo v. Muñoz Noya</u>, 204 DPR 745 (2020), y precisar la facultad que tienen los Fiscales Especiales Independientes (Fiscales Especiales) para presentar cargos criminales en contra de individuos particulares. En conformidad con el texto de la Ley para crear la Oficina del Panel sobre el Fiscal Especial Independiente, *infra*, y el propósito social que la inspira, hoy pautamos que la jurisdicción de los Fiscales Especiales también se extiende a casos en los que éstos únicamente presentan cargos criminales contra los individuos particulares cuya presunta conducta delictiva es descubierta como

resultado de la investigación encomendada por el Panel sobre el Fiscal Especial Independiente (Panel o PFEI).

De esta manera, adelantamos que revocamos la *Sentencia* emitida por el Tribunal de Apelaciones y resolvemos que el Panel, por conducto de los Fiscales Especiales, posee jurisdicción para investigar, denunciar y procesar criminalmente a los individuos particulares en este caso. Veamos los hechos que originaron la presente controversia.

## I

El 29 de octubre de 2020, la entonces Secretaria Interina del Departamento de Justicia, Lcda. Inés del C. Carrau Martínez, remitió al PFEI un *Informe de investigación preliminar* en conformidad con lo dispuesto en la Ley Núm. 2 de 23 de febrero de 1988, según enmendada, conocida como Ley para crear la Oficina del Panel sobre el Fiscal Especial Independiente (Ley del PFEI), 3 LPRA sec. 99h *et seq.* El referido informe se produjo a raíz de ciertas denuncias públicas sobre alegadas irregularidades con relación a la operación del Gobierno de Puerto Rico en la compra de pruebas y la adquisición de bienes y servicios durante la declaración de emergencia decretada por la pandemia del COVID-19. Al concluir la investigación preliminar, el Departamento de Justicia recomendó al Panel que "no se design[ara] un Fiscal Especial Independiente que examin[ara]

la conducta desplegada durante la compra de las pruebas para la detección del COVID-19".[1]

Posteriormente, el 28 de diciembre de 2020, el PFEI emitió una *Resolución* mediante la cual señaló que, "[i]ndependientemente de la recomendación del [Departamento] de Justicia, el Panel t[enía] discreción para nombrar un [Fiscal Especial] y ordenar la investigación del caso".[2] En esa misma línea, el Panel determinó que la prueba documental recibida, la cual incluía varias declaraciones juradas,[3] ameritaba profundizar en la investigación preliminar del Departamento de Justicia contra ciertos funcionarios públicos e individuos particulares, entre los que figuraban el Sr. Juan Maldonado De Jesús y el Sr. Aaron Wayne Vick (en conjunto, recurridos), por la posible comisión de delitos.[4] Por consiguiente, ordenó la designación de varios Fiscales Especiales a estos efectos.

---

[1]    *Informe de investigación preliminar*, Apéndice del *certiorari*, pág. 335.

[2]    *Resolución*, Apéndice del *certiorari*, pág. 136 esc. 8.

[3]    Destacamos que, previo a que el Departamento de Justicia remitiera su *Informe de investigación preliminar*, el Panel sobre el Fiscal Especial Independiente (Panel o PFEI) había comenzado una investigación preliminar sobre este asunto a raíz de varios informes referidos por la Comisión de Salud de la Cámara de Representantes y uno de sus integrantes. Por lo tanto, como parte de su análisis, el Panel consideró la prueba recopilada por la Cámara de Representantes, la Fiscal Investigadora y el Departamento de Justicia. Íd., págs. 134-135.

[4]    Valga señalar que, aunque el Sr. Aaron Wayne Vick no fue mencionado en el epígrafe de la determinación del PFEI, éste se encontraba entre los individuos particulares implicados como parte del récord de la investigación preliminar que fue remitido a dicha entidad. Íd., pág. 136.

La *Resolución* del PFEI disponía lo siguiente en cuanto al alcance de la encomienda:

> […] esta determinación en nada constituye un impedimento legal para la autoridad del [Fiscal Especial], en la etapa investigativa delegada, ampliar la misma y, de contar con la prueba requerida, proceder con las denuncias que correspondan ante el tribunal.
>
> **Por consiguiente, no debe interpretarse que[,] por el hecho de no estar mencionados en el epígrafe de esta determinación[,] los restantes funcionarios o personas particulares mencionadas en el ACÁPITE II-A están exentos de responsabilidad. De hecho, del expediente del caso surge prueba implícita contra varios de ellos. Es obligación de los [Fiscales Especiales], evaluar y determinar si alguno de los mencionados en los informes debe responder por lo acontecido en este caso, conforme a la prueba que obtengan en el curso de su investigación. Por tanto, como parte de su encomienda, los [Fiscales Especiales] deben considerar el proceder de cada uno de los funcionarios o personas particulares mencionadas en el citado ACÁPITE II-A, que intervinieron, autorizaron o realizaron gestiones en este asunto, a los fines de determinar el alcance de tal responsabilidad.**
>
> Ciertamente estamos ante un caso complejo y de alto interés público donde **tenemos el deber de asegurarnos que ninguna conducta quede impune allí donde el dolor humano, durante una pandemia, pudo quedar soterrado frente a un desmedido e insensible ánimo de lucro, y el interés de algunos de controlar los procesos para adelantar agendas y ventajas insospechadas.** Resulta necesario, pues, llevar a cabo las indagatorias necesarias para separar el grano de la paja. "Si el fardo trajo paja, y sólo paja, que lo descarte, pero si trajo grano para su molino, pues, que lo muela". En fin, procédase con la encomienda investigativa, según hemos determinado. (Negrilla y subrayado en el original y cita omitida).[5]

---

[5] *Resolución*, Apéndice del *certiorari*, págs. 146-147.

Tras concluir su investigación, los Fiscales Especiales determinaron que únicamente procedía presentar cargos en contra de dos (2) individuos particulares, ya que la prueba recopilada establecía que estas personas presuntamente intervinieron de manera ilegal en el proceso de la otorgación de un contrato gubernamental. En consecuencia, el 23 de septiembre de 2021, el Panel envió una comunicación dirigida al Secretario del Departamento de Justicia, Lcdo. Domingo Emanuelli Hernández (Secretario de Justicia), indicando que "[a]l no presentarse cargos penales contra ninguno de los funcionarios públicos investigados, los cuales participaron del proceso de la compra de las pruebas COVID, queda[ba] pendiente determinar si el proceso continuar[ía] a cargo de los fiscales especiales independientes o, en su defecto, el Departamento de Justicia se har[ía] cargo de dicho procesamiento".[6] En respuesta, el Secretario de Justicia informó que el Departamento de Justicia no se haría cargo del procesamiento criminal por conflicto de intereses, toda vez que dicho organismo gubernamental había determinado preliminarmente que no procedía la designación de un Fiscal Especial como parte de los hallazgos de su investigación.[7]

---

[6] *Carta del Panel sobre el Fiscal Especial Independiente del 23 de septiembre de 2021*, Apéndice del *certiorari*, pág. 340.

[7] *Cartas del Secretario del Departamento de Justicia del 24 de septiembre de 2021 y 21 de octubre de 2021*, Apéndice del *certiorari*, págs. 341 y 343.

Así las cosas, el 4 de noviembre de 2021, los Fiscales Especiales presentaron varias denuncias criminales en contra de los señores Juan Maldonado De Jesús y Aaron Wayne Vick por los delitos de tentativa de fraude, falsificación de documentos, falsedad ideológica, posesión y traspaso de documentos falsificados e intervención indebida en operaciones gubernamentales (Arts. 202, 211, 212, 217 y 254 del Código Penal, 33 LPRA secs. 5272, 5281, 5282, 5287 y 5345). En esencia, se les acusó de haber incurrido en la comisión de delitos para obtener un contrato gubernamental relacionado con la compra de pruebas rápidas para detectar el COVID-19 por la cantidad de $38 millones así como el desembolso de fondos públicos por $19 millones. El Tribunal de Primera Instancia encontró causa probable para arresto por los referidos delitos e impuso las fianzas correspondientes. Así pues, el foro primario señaló la vista preliminar para el 22 de noviembre de 2021.

Luego de varios trámites procesales, los recurridos solicitaron la desestimación de los cargos en su contra. En síntesis, arguyeron que el Panel carecía de jurisdicción para procesarlos criminalmente, pues no tenían la facultad de encausar a individuos particulares cuando a éstos no se les imputaba haber actuado en concierto y común acuerdo con algún funcionario público. Por su parte, los Fiscales Especiales se opusieron a dichas solicitudes y argumentaron que tenían la facultad de incoar un proceso criminal con relación a cualesquiera de los delitos que surgieran de la

investigación encomendada por el PFEI, incluso cuando fuesen cometidos por individuos particulares.

Tras examinar los argumentos presentados por las partes, el 1 de septiembre de 2022, el tribunal de instancia determinó que los Fiscales Especiales carecían de jurisdicción para presentar los cargos en contra de los recurridos. Por ende, el foro primario desestimó los cargos en contra de éstos.

En desacuerdo, el 27 de septiembre de 2022, los Fiscales Especiales presentaron un recurso de *certiorari* ante el Tribunal de Apelaciones. En resumen, reiteraron que la jurisdicción del PFEI para acusar también se extendía a individuos particulares cuya conducta criminal fuera descubierta como parte de la investigación que originalmente fue encomendada por el Panel. Además, aseveraron que su obligación, por mandato de ley, era instar las acciones criminales que procedieran como resultado de las investigaciones realizadas sobre los asuntos que les fueron asignados.

Por otro lado, el señor Vick presentó un *Alegato en oposición a la expedición del auto de certiorari*. Allí reafirmó que el Panel carecía de jurisdicción para procesarlo criminalmente y aseguró que dicha facultad recaía en el Departamento de Justicia. Por ende, solicitó que se denegara la expedición del recurso de *certiorari*. Por su parte, el señor Maldonado De Jesús presentó un *Memorando en*

*oposición a expedición de auto de certiorari* en el cual expuso planteamientos similares.

Luego de evaluar los argumentos de las partes, el Tribunal de Apelaciones, mediante una *Sentencia* emitida el 28 de febrero de 2023 y notificada el 1 de marzo de 2023, confirmó el dictamen recurrido. Determinó que el PFEI no tenía autoridad para procesar a personas privadas, excepto cuando éstos actuaran en concierto y común acuerdo con un funcionario público. Además, el foro apelativo intermedio manifestó que, en este caso, no surgía la existencia de un conflicto de intereses real o potencial que impidiera que el Departamento de Justicia asumiera su jurisdicción para procesar criminalmente a los recurridos. Aún inconformes, el 15 de marzo de 2023, los Fiscales Especiales presentaron una moción de reconsideración, la cual fue denegada mediante una *Resolución* emitida el 24 de abril de 2023.[8]

Oportunamente, el 22 de mayo de 2023, los Fiscales Especiales presentaron una *Petición de certiorari* ante este Foro y señalaron como único error el siguiente:

> Erró el Honorable Tribunal de Apelaciones al confirmar la resolución del Tribunal de Primera Instancia de San Juan determinando que el Panel sobre el Fiscal Especial Independiente no tiene jurisdicción para procesar criminalmente a los recurridos.

---

[8] Según surge del Sistema de Consulta de Casos, esta *Resolución* fue notificada el 25 de abril de 2023.

El 30 de junio de 2023, expedimos el recurso de *certiorari* solicitado. Contando con los alegatos de las partes, procedemos ahora a examinar el derecho aplicable.

## II

Hemos reconocido que, como norma general, el Secretario de Justicia y los fiscales adscritos al ente gubernamental dirigido por éste tienen la responsabilidad de investigar y procesar las causas criminales en Puerto Rico. Pueblo v. Muñoz Noya, 204 DPR 745, 756 (2020); Pueblo v. Colón Bonet, 200 DPR 27, 35-36 (2019); Pueblo v. García Vega, 186 DPR 592, 603 (2012). No obstante, mediante la Ley del PFEI, *supra*, se instauró una figura externa para investigar y procesar criminalmente -por vía de excepción- a ciertos funcionarios públicos que incurrieran en determinadas actividades delictivas. Pueblo v. Colón Bonet, *supra*, pág. 36; Pueblo v. García Vega, *supra*. Así pues, al crear la figura del Fiscal Especial Independiente nombrado por un Panel compuesto por exjueces, **la Asamblea Legislativa respondió a la necesidad de que se realizaran investigaciones completas y objetivas en las que se eliminaran las posibles situaciones de conflicto de intereses entre los investigadores e investigados.** Pueblo v. Torres Santiago, 175 DPR 116, 124 (2008); Pueblo v. Rexach Benítez, 130 DPR 273, 295 (1992).

El Art. 4 de la Ley del PFEI, 3 LPRA sec. 99k(1), dispone que el Secretario de Justicia podrá realizar una investigación preliminar cuando reciba información

juramentada que, a su discreción, constituya causa suficiente para investigar si se ha cometido cualquier delito grave y menos grave incluido en la misma transacción o evento, o cualquier delito contra los derechos civiles, la función pública o el erario, por algún funcionario público allí mencionado. Por otro lado, el Art. 5 de la Ley del PFEI, 3 LPRA sec. 99l, contempla el ámbito jurisdiccional en cuanto a otros sujetos no enumerados en el artículo anterior, a saber, otros funcionarios, empleados o **individuos particulares**. Específicamente, el mencionado artículo dispone lo siguiente:

> (1) Cuando el Secretario de Justicia recibiere información bajo juramento que a su juicio constituyera causa suficiente para investigar si cualesquiera de los funcionarios, ex funcionarios, empleados, ex empleados, autores, coautores o individuos no enumerados en el Artículo 4, de esta Ley ha cometido cualesquiera de los delitos a que hace referencia al Artículo 4 de esta Ley efectuará una investigación preliminar y solicitará el nombramiento de un Fiscal Especial cuando determine que, de ser la investigación realizada por el Secretario de Justicia, podría resultar en algún conflicto de interés.

> (2) Cuando el Secretario determine que no existe conflicto de interés alguno que impida la investigación objetiva por parte del Departamento de Justicia, en tal caso el Secretario designará el funcionario que conducirá la investigación y el Departamento de Justicia asumirá jurisdicción sobre la misma.

> (3) Cuando el Secretario de Justicia recibiere información bajo juramento que a su juicio constituyera causa suficiente para investigar si algún funcionario, ex funcionario, empleado, ex empleado o **individuo no enumerado en el Artículo 4 de esta Ley participó, conspiró, indujo, aconsejó, provocó, instigó, o de algún otro modo fue autor o coautor en cualquiera de los delitos a que se**

**hace referencia en el Artículo 4 de esta Ley,** efectuará una investigación preliminar y rendirá un informe conforme los criterios establecidos en el Artículo 4 de esta Ley, sobre si procede o no la designación de un Fiscal Especial Independiente. **Una vez remitido el Informe, el Panel tendrá la facultad de determinar si investiga y procesa al autor o los coautores, como parte de la encomienda que haga al Fiscal Especial Independiente de conformidad con el Artículo 11(2) de esta Ley, solamente cuando los delitos imputados a los funcionarios públicos bajo su jurisdicción sean contra la función pública o el erario.** Si el Panel determinare que no procede el nombramiento de un Fiscal Especial dicha determinación será final y firme y no podrá presentarse querella nuevamente por los mismos hechos. (Negrilla suplida).[9]

El Secretario de Justicia deberá completar la investigación preliminar dentro de un término prorrogable de noventa (90) días, contado a partir de la fecha en la que determine que procede realizar la misma. Art. 8 de la Ley del PFEI, 3 LPRA sec. 99o(4). Una vez el Secretario de Justicia concluya tal investigación, éste deberá rendir y enviar al Panel un informe en el cual detallará si recomienda o no la designación de un Fiscal Especial. Pueblo v. Colón Bonet, *supra*, pág. 39. **La obligación de someter el informe y acompañar el expediente surge incluso en aquellos casos en los que el Secretario de Justicia recomienda que no se designe un Fiscal Especial, pues el PFEI tiene discreción**

---

[9] Cabe destacar que citamos el texto íntegro de la Ley Núm. 3-2012, según fue promulgada por el Departamento de Estado, ya que las colecciones de Leyes de Puerto Rico (LPR) y Leyes de Puerto Rico Anotadas (LPRA) no contemplan una porción del Art. 5 de la Ley Núm. 2 de 23 de febrero de 1988, según enmendada, conocida como Ley para crear la Oficina del Panel sobre el Fiscal Especial Independiente (Ley del PFEI), 3 LPRA sec. 99l(3). Para referencia, véase, https://sutra.oslpr.org/osl/sutra/anejos_conv/2009-2012/%7Bcd78b2f8-e3fd-48a9-ae35-543f9c792d6f%7D.pdf (última visita, 28 de agosto de 2023).

**para nombrarlo y ordenar la investigación del caso.** Íd.
Véase, además, Art. 4 de la Ley del PFEI, 3 LPRA sec. 99k(2).

Según se desprende de la Ley del PFEI, el Panel conserva la facultad de nombrar un Fiscal Especial cuando, basado en el informe presentado por el Secretario de Justicia o en cualquier otra información obtenida, establezca que se amerita una investigación más a fondo porque podría proceder la presentación de acusaciones o cargos. Art. 11 de la Ley del PFEI, 3 LPRA sec. 99r(1)(b). Cuando se le impute a un funcionario la posible comisión de algún delito bajo la jurisdicción de la ley, **el Panel tiene la prerrogativa de determinar si incluye en la investigación y eventual procesamiento a individuos particulares que puedan ser autores o coautores, como parte de la encomienda que haga al Fiscal Especial.** Pueblo v. Muñoz Noya, *supra*, págs. 757-758. En consecuencia, **al momento de nombrar la figura del Fiscal Especial, el Panel es quien delimita la encomienda y la jurisdicción de éste.** (Negrilla suplida). Art. 11 de la Ley del PFEI, 3 LPRA sec. 99r(2). **El PFEI también podrá ampliar la encomienda y jurisdicción de un Fiscal Especial en funciones a solicitud de dicho Fiscal Especial, o del Secretario de Justicia, o a iniciativa propia para evitar el nombramiento de un nuevo Fiscal Especial.** Art. 11 de la Ley del PFEI, 3 LPRA sec. 99r(3).

Una vez nombrado el Fiscal Especial, la Ley del PFEI dispone que éste tendrá, "**respecto a los asuntos dentro de su encomienda y jurisdicción, todos los poderes y**

**facultades que tienen el Departamento de Justicia,** el Director del Negociado de Investigaciones Especiales y cualquier otro funcionario al cual las secs. 99h a 99z de este título le confiera autoridad **para investigar y procesar violaciones a la ley penal".** (Negrilla suplida). Art. 12 de la Ley del PFEI, 3 LPRA sec. 99s(3). Entre otras facultades, **el Fiscal Especial tendrá la autoridad para realizar toda clase de investigaciones de individuos, entidades y documentos relacionados con su jurisdicción o encomienda** -con excepción de los archivos que sean confidenciales-, **y representar al Gobierno de Puerto Rico ante los tribunales.** Art. 12 de la Ley del PFEI, 3 LPRA sec. 99s(3)(b) y (j). Asimismo, **el Fiscal Especial tendrá jurisdicción para investigar y procesar aquellas acciones penales contenidas dentro de la encomienda que se le asigne.** Véase Art. 13 de la Ley del PFEI, 3 LPRA sec. 99t. Por ende, **el nombramiento de un Fiscal Especial tiene el efecto práctico de privar completamente de jurisdicción al Secretario de Justicia sobre la investigación.** Art. 12 de la Ley del PFEI, 3 LPRA sec. 99s(7).

En el caso de Pueblo v. Muñoz Noya, *supra*, pág. 757, al hacer referencia a la inclusión de varias enmiendas a la Ley del PFEI en el 2012, destacamos que la Asamblea Legislativa amplió el alcance del mencionado estatuto para:

> *(1) garantizar el ejercicio pleno de la jurisdicción concedida al Panel y a los Fiscales Especiales; (2) aumentar el marco de acción de los referidos recibidos por el PFEI y sus investigaciones; (3) conceder al Panel la prerrogativa para, a su discreción, incluir o*

*no en sus investigaciones y procesamientos a individuos particulares que hayan sido autores o coautores en cualesquiera de los delitos imputados a funcionarios públicos bajo su jurisdicción*, y (4) adicionar otras enmiendas de índole administrativo con el objetivo de aclarar y ampliar el alcance de la autonomía administrativa del organismo". (Énfasis en el original y énfasis suplido).

Como corolario de lo anterior, resolvimos que la Ley del PFEI le confería autoridad a los Fiscales Especiales para presentar cargos criminales contra individuos particulares que, según los hallazgos de una investigación debidamente encomendada por el Panel, presuntamente participaron como autores o coautores en la alegada conducta delictiva que implicaba a un funcionario público, inicialmente investigado bajo la jurisdicción del PFEI. Íd., pág. 749.

En un ejercicio de hermenéutica jurídica respecto a las disposiciones de la Ley del PFEI, hemos expresado que "**las leyes hay que interpretarlas y aplicarlas en comunión con el propósito social que las inspira, sin desvincularlas de la realidad y del problema humano que persiguen resolver**". (Cita depurada y negrilla suplida). *In re* Invest. ex Alcalde Vega Alta, 158 DPR 666, 677 (2003). Con arreglo a esta ley y sus respectivas enmiendas, la Asamblea Legislativa pretendió **proveer un balance jurisdiccional para evitar la duplicidad y la desintegración de esfuerzos** en el curso de las competencias de las instituciones encargadas de asegurar la integridad en el ejercicio de la función pública. Véase Exposición de Motivos de la Ley Núm. 3-2012 (2012 [Parte 1] Leyes de Puerto Rico 80-83). Por ende, al examinar el

andamiaje que provee el estatuto en cuestión, debemos tener presente la potestad que la Asamblea Legislativa le concedió a la figura del Fiscal Especial para "**acudir a los Tribunales de Justicia, en representación del Gobierno […] de Puerto Rico, a instar las acciones criminales que procedan como resultado de las investigaciones que realice sobre los asuntos que se le asignen […]**". (Negrilla suplida). Art. 3 de la Ley del PFEI, 3 LPRA sec. 99j. Véase, además, Pueblo v. Muñoz Noya, *supra*, págs. 763-764.

Dentro del marco jurídico expuesto, procedemos a examinar la controversia que nos ocupa.

### III

Debemos enfatizar que nuestra tarea adjudicativa se circunscribe estrictamente a evaluar los aspectos jurisdiccionales que se presentan en este caso. Por consiguiente, nuestro pronunciamiento de ninguna forma incide sobre los méritos de las acusaciones incoadas en contra de los recurridos. De esta manera, nos corresponde determinar si el Tribunal de Apelaciones erró al confirmar la determinación del Tribunal de Primera Instancia que desestimó los cargos criminales presentados en contra de los señores Juan Maldonado De Jesús y Aaron Wayne Vick, fundamentándose en que los Fiscales Especiales presuntamente carecían de jurisdicción. Veamos.

El Departamento de Justicia remitió al Panel el resultado de su investigación preliminar en conformidad con las disposiciones estatutarias de la Ley del PFEI. Allí

recomendó que no se designara un Fiscal Especial y notificó a los funcionarios públicos, así como a los individuos particulares -incluyendo al señor Maldonado De Jesús y el señor Vick-, sobre esta determinación. No obstante, al ejercer su criterio, **el Panel determinó que el caso ameritaba una investigación a fondo sobre el proceder de cada uno de los funcionarios e <u>individuos particulares</u> implicados en la posible comisión de los delitos contemplados en el inciso 1 del Art. 4 de la Ley del PFEI,** *supra*.

De entrada, cabe precisar que el inciso 3 del Art. 5 de la Ley del PFEI, *supra*, específicamente establece la facultad del Panel para determinar la procedencia de la investigación y el posible procesamiento de individuos particulares, según la encomienda que haga al Fiscal Especial. Así pues, luego de recibir el informe preliminar del Departamento de Justicia, **el Panel ejerció adecuadamente la facultad que la propia ley le confirió para decidir investigar a los sujetos envueltos con miras a procesarlos criminalmente, pues en ese momento se le imputaba o atribuía a varios funcionarios públicos la posible comisión de delitos.** Esta determinación jurisdiccional, de igual forma, encuentra apoyo en el inciso 2 del Art. 11 de la Ley del PFEI, *supra.* Por lo tanto, en el pleno ejercicio de sus facultades legales, el Panel nombró a los Fiscales Especiales y delimitó su jurisdicción para realizar una investigación a fondo sobre la compra de pruebas para

atender la pandemia del COVID-19 y llevar a cabo el posible procesamiento criminal de funcionarios públicos e individuos particulares conforme a los resultados de su investigación.

Ahora bien, culminada la investigación encomendada, los Fiscales Especiales concluyeron que únicamente procedía presentar cargos criminales en contra de dos (2) individuos particulares por su alegada intervención ilícita en el proceso de la otorgación de un contrato gubernamental. Cabe entonces preguntarse si, ante este cuadro, los Fiscales Especiales aún tenían jurisdicción para presentar los cargos criminales que estimaban procedentes a la luz de su investigación. **La respuesta es que sí.**

La jurisdicción que los Fiscales Especiales poseen para presentar los cargos criminales en contra de los recurridos tuvo su origen en la encomienda inicialmente asignada por el Panel mediante la *Resolución* emitida el 28 de diciembre de 2020. Así, en conformidad con el Art. 13 de la Ley del PFEI, *supra*, los Fiscales Especiales adquirieron jurisdicción para investigar y procesar tanto a los funcionarios públicos como a los individuos particulares implicados en las posibles acciones penales contenidas dentro de la encomienda asignada. Desde entonces, la encomienda del Panel tuvo el efecto práctico de privar de jurisdicción al Secretario de Justicia. Aun así, previo a la presentación de los cargos, el Panel y el Secretario de Justicia intercambiaron ciertas comunicaciones que

detallamos a continuación y que el Tribunal de Apelaciones considero para fines de su análisis.

El 23 de septiembre de 2021, los Fiscales Especiales le remitieron al Panel una carta en la que se expresó lo siguiente:

> En este caso estamos considerando que procede [] presentar cargos criminales. Dichos cargos estarían dirigidos a personas privadas. Debido a lo anterior, es necesario auscultar y definir los aspectos jurisdiccionales aplicables.[10]

Como resultado de esta comunicación, el 23 de septiembre de 2021, el PFEI le envió una carta al Secretario de Justicia en la que señaló lo siguiente:

> [H]emos recibido una comunicación de los Fiscales Especiales Independientes (FEI) en el caso de referencia. En la misma, nos informan que -luego de culminar la investigación a fondo-, han determinado presentar cargos penales contra tres de los coautores, que **no** son funcionarios públicos.
>
> Al no presentarse cargos penales contra ninguno de los funcionarios públicos investigados, los cuales participaron del proceso de la compra de las pruebas COVID, queda pendiente determinar si el proceso continuará a cargo de los fiscales especiales independientes o, en su defecto, el Departamento de Justicia se hará cargo de dicho procedimiento. Sin embargo, para que los FEI puedan continuar con el mismo, es necesario que usted así lo determine a la luz de lo dispuesto en el Art. 5 de la Ley Núm. 2-1988[…]. (Negrilla en el original).[11]

---

[10] *Carta de los Fiscales Especiales del 23 de septiembre de 2021*, Apéndice del *certiorari*, pág. 339.

[11] *Carta del Panel sobre el Fiscal Especial Independiente del 23 de septiembre de 2021*, Apéndice del *certiorari*, pág. 340.

En respuesta, el 24 de septiembre de 2021, el Secretario de Justicia le comunicó al Panel que:

> [E]n atención a su comunicación del 23 de septiembre de 2021, le informamos que es completamente incompatible y conlleva un serio conflicto de intereses que los fiscales del Departamento de Justicia se hagan cargo del procesamiento de los funcionarios públicos que participaron en este caso en el proceso de compra de las pruebas de COVID. Ello en vista de que en el informe de la investigación preliminar que fue remitido el 10 de diciembre de 2020 al Panel sobre el Fiscal Especial Independiente (PFEI) por el Departamento de Justicia, no se recomendó la designación de un Fiscal Especial Independiente (FEI) basado en los hallazgos de la investigación.[12]

Por su parte, el 27 de septiembre de 2021, el PFEI le informó a los Fiscales Especiales lo siguiente:

> En atención a la comunicación que enviaron al Panel el pasado 23 de septiembre de 2021, relacionada con el caso de referencia, procedimos a remitir una comunicación al Hon. Domingo Emanuelli Hernández, Secretario del Departamento de Justicia para que éste evaluara el aspecto jurisdiccional y nos notificara su decisión sobre el particular.
>
> Mediante escrito fechado el 24 de septiembre de 2021, el Secretario de Justicia nos indica su determinación de que el caso continúe siendo atendido por los fiscales especiales independientes.
>
> Atendido lo anterior, quedan facultados para proceder de conformidad con dicha determinación.[13]

---

[12] *Carta del Secretario del Departamento de Justicia del 24 de septiembre de 2021*, Apéndice del *certiorari*, pág. 341.

[13] *Carta del Panel sobre el Fiscal Especial Independiente del 27 de septiembre de 2021*, Apéndice del *certiorari*, pág. 342.

Finalmente, el 21 de octubre de 2021, el Secretario de Justicia envió otra carta dirigida al Panel en la que expresó lo siguiente:

> [L]e informamos que es completamente incompatible y conlleva un serio conflicto de intereses que el Ministerio Público se haga cargo del procesamiento de personas privadas o de los coautores que participaron en el proceso de la compra [de] las pruebas de COVID-19.
>
> Por tal razón, el Departamento de Justicia no se hará cargo del procesamiento criminal de dichas personas con relación a este asunto.[14]

El Tribunal de Apelaciones consideró que, de un examen de las referidas cartas, no surgía la presencia real o potencial de un conflicto de intereses que impidiera que el Departamento de Justicia asumiera su jurisdicción para procesar criminalmente a los recurridos. **En cuanto a si realmente existía un conflicto de intereses o no, *quaere*.** Resulta innecesario adentrarnos en los méritos de esta determinación para la apropiada disposición de la controversia central del caso. **Lo cierto es que, una vez el Panel nombró a los Fiscales Especiales, éstos adquirieron jurisdicción para investigar y procesar tanto a los funcionarios públicos como a los individuos particulares implicados en las posibles acciones penales que procedieran conforme a derecho.**

En Pueblo v. Muñoz Noya, *supra*, pág. 766, mencionamos que no procedía sujetar el procesamiento del individuo

---

**14** *Carta del Secretario del Departamento de Justicia del 21 de octubre de 2021*, Apéndice del *certiorari*, pág. 343.

particular al encausamiento simultáneo del funcionario público, ya que ese requisito no estaba contemplado expresamente en ninguna de las disposiciones de la Ley del PFEI ni se podía inferir de la intención legislativa. En lo pertinente a la controversia que hoy atendemos, añadimos que tampoco encontramos nada en el texto de la ley que contemple la pérdida de jurisdicción sobre un individuo particular por no concretarse el encausamiento criminal del funcionario público inicialmente investigado.[15]

Sería desatinado concluir que, en un caso como éste, los Fiscales Especiales no poseen autoridad para presentar cargos criminales en contra de los individuos particulares como parte del resultado de una investigación completa y objetiva sobre los asuntos que fueron debidamente encomendados por el Panel. <u>De estas personas haber incurrido en la comisión de delitos, tanto los crímenes cometidos como sus autores quedarían impunes de no ser procesados</u>. **Este escenario contravendría la clara política pública del Gobierno a los fines de evitar la desintegración de los esfuerzos del Estado y el derroche de fondos públicos en la utilización de sus recursos. Además, vulneraría el**

---

**15** Nótese que cuando se alude a la frase "solamente cuando los delitos imputados a los funcionarios públicos bajo su jurisdicción sean contra la función pública o el erario" en el inciso 3 del Art. 5 de la Ley del PFEI, *supra*, se refiere a las actuaciones criminales imputadas mediante querellas, informes o prueba juramentada durante la etapa inicial. En ese sentido, resulta evidente que el término "imputar" no implica necesariamente "encausar criminalmente". Para referencia, véanse: Arts. 4(4), 6, 7, 8(1)(b), 8(3), 9, 11(1)(c) y 11(6) de la Ley del PFEI, 3 LPRA secs. 99k(4), 99m, 99n, 99o(1)(b), 99o(3), 99p, 99r(1)(c) y 99r(6).

**propósito social de penalizar cualquier comportamiento delictivo contra la función pública o el erario, restaurar la confianza del Pueblo en sus instituciones y erradicar el problema de la impunidad.**

En definitiva, al realizar un análisis integral de la Ley del PFEI, el propósito social que la inspiró y su jurisprudencia interpretativa, **resulta forzoso concluir que los Fiscales Especiales ostentan la autoridad para encausar a los individuos particulares cuya presunta conducta delictiva ha sido descubierta como parte de los hallazgos de la investigación que ha sido debidamente encomendada por el Panel.** Sólo de esta forma se cumpliría con la intención legislativa de garantizar el ejercicio pleno de la jurisdicción concedida al Panel y a los Fiscales Especiales para acudir a los Tribunales de Justicia, en representación del Gobierno de Puerto Rico, a instar las acciones criminales que procedan como resultado de sus investigaciones. Véase Pueblo v. Muñoz Noya, *supra*, págs. 763-764.

**IV**

Declarada la existencia de la jurisdicción del PFEI, por conducto de los Fiscales Especiales, se revoca la *Sentencia* emitida por el Tribunal de Apelaciones el 28 de febrero de 2023 y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de acuerdo con lo resuelto en esta Opinión.

Se dictará Sentencia en conformidad.


ROBERTO FELIBERTI CINTRÓN
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.                  CC-2023-318        *Certiorari*

Juan Maldonado De Jesús y
Aaron Vick

    Recurridos

SENTENCIA

En San Juan, Puerto Rico, a 22 de septiembre de 2023.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se revoca la Sentencia emitida por el Tribunal de Apelaciones el 28 de febrero de 2023 y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de acuerdo con lo resuelto en la Opinión.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres emitió una Opinión de Conformidad, a la cual se unieron la Jueza Asociada señora Pabón Charneco, el Juez Asociado señor Kolthoff Caraballo y el Juez Asociado señor Rivera García. La Jueza Presidenta Oronoz Rodríguez disintió y emitió una Opinión Disidente. El Juez Asociado señor Colón Pérez disintió y emitió una Opinión Disidente, a la cual se unió la Jueza Presidenta Oronoz Rodríguez.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

      Peticionario

         v.

Juan Maldonado De Jesús y      CC-2023-0318
Aaron Vick

      Recurridos


Opinión de Conformidad emitida por el Juez Asociado señor MARTÍNEZ TORRES a la que se unieron la Jueza Asociada señora PABÓN CHARNECO, el Juez Asociado señor KOLTHOFF CARABALLO y el Juez Asociado señor RIVERA GARCÍA.


En San Juan, Puerto Rico, a 22 de septiembre de 2023.

El resultado al que hoy se arriba acata el texto de la Ley para crear la Oficina del Panel sobre el Fiscal Especial Independiente, _infra_, y se abstiene de imponer obstáculos a la clara intención legislativa de penalizar a todo aquel que incurre en conducta delictiva contra la función pública o el erario. La jurisdicción de los Fiscales Especiales Independientes abarca las instancias en que únicamente se presentan cargos criminales contra individuos particulares si el presunto comportamiento delictivo reluce en una investigación encomendada al Panel sobre el Fiscal Especial Independiente (PFEI).

Si bien esta decisión es correcta, me veo compelido a dirigir la mirada a la facultad de los Fiscales Especiales Independientes cuando media una determinación de conflicto de interés. Hasta hoy, el consenso entre los miembros de este Tribunal yacía en que, **emitida** una determinación de conflicto de interés por parte del Secretario de Justicia —como sucedió en este caso—, el PFEI tiene potestad para procesar criminalmente, inclusive, a individuos particulares. Pueblo v. Muñoz Noya, 204 DPR 745 (2020).

Sin embargo, descontentos con el desenlace que supondría aplicar esta norma, algunos compañeros postulan, en abstracción de la letra del estatuto, que no basta con una determinación expresa de conflicto de interés (que es lo único que la ley exige), sino que es necesario detallar y presentar prueba concluyente de este (algo que la ley no requiere). El problema con esa nueva tesis es que el pronunciamiento de conflicto de interés del Secretario de Justicia no es un asunto sujeto a revisión judicial. Se trata del ejercicio discrecional de decidir a quién acusar. Pueblo v. Rexach Benítez, 130 DPR 273, 298-299 (1992). Eso es una función del Poder Ejecutivo.

Establecer por opinión judicial un catálogo de directrices para sustituir el criterio del Departamento de Justicia respecto a aquello que configura "conflicto de intereses", sería sobrepasar nuestras funciones e invadir las de otras ramas. La tangente que propone el ala disidente tendría el efecto que el legislador quiso evitar;

situaciones de conflicto de interés y falta de imparcialidad, objetividad e independencia en las investigaciones. No se puede obligar al Secretario de Justicia a acusar a alguien. Por eso, la norma que proponen los compañeros disidentes abre la puerta a que el comportamiento delictivo contra las arcas gubernamentales quede impune, pues posibilitaría situaciones en las que ningún ente pudiera encausar a los funcionarios públicos o actores privados.

Por eso, recalco que cuando se trata de una intervención del PFEI bajo el supuesto de determinaciones de conflicto de interés, el elemento esencial es que el Departamento de Justicia **emita** tal determinación.

I

La situación fáctica que engendra el caso de marras se encuentra detallada en la Opinión del Tribunal, por lo que procedo directamente a exponer mi postura.

El Art. 5(1) de la Ley Núm. 2 de 23 de febrero de 1988, según enmendada, conocida como la Ley para Crear la Oficina del Panel sobre el Fiscal Especial Independiente, (Ley del PFEI), 3 LPRA sec. 991, preceptúa que el Secretario de Justicia deberá realizar una investigación preliminar tras recibir información bajo juramento que, a su juicio, constituya causa suficiente para indagar si funcionarios públicos o individuos particulares cometieron ciertos delitos. Efectuada la indagación preliminar, "solicitará el nombramiento de un Fiscal Especial cuando **determine** que, de

ser la investigación realizada por el Secretario de Justicia, podría resultar en **algún conflicto de interés**". (Negrilla suplida). Íd.

Como vemos, la norma no requiere demostrar el conflicto de interés, mucho menos que se especifique o detallen sus fundamentos. Bajo el esquema estatutario, tampoco hay margen para que los tribunales entremos a adjudicar la legitimidad del conflicto argüido. En otras palabras, se trata de una cuestión no revisable.

En Pueblo v. Muñoz Noya, supra, tanto la Opinión mayoritaria como la Opinión disidente del Juez Asociado señor Colón Pérez (a la que se unió la Jueza Presidenta Oronoz Rodríguez y la Juez Asociada señora Rodríguez Rodríguez), tomaron en cuenta que, en ocasiones, la autoridad del PFEI cobra vigor en base a una determinación de conflicto de interés. En concreto, allí la Opinión disidente planteó que el PFEI puede encausar criminalmente a un sujeto privado "**emitida** una determinación de conflicto de interés por parte del Secretario del Departamento de Justicia de Puerto Rico, según pautado en el Artículo 5 del precitado estatuto". (Negrilla suplida). Íd., pág. 768.

Si hasta la fecha había concordancia entre los Jueces de este Tribunal respecto a que **la emisión** de una determinación de conflicto de interés **es suficiente** para investir de jurisdicción al PFEI, no hay motivo para debatirlo ahora. Aun bajo la Opinión disidente de Pueblo v. Muñoz Noya, supra, tendríamos que concluir que el PFEI tiene

potestad para procesar criminalmente al Sr. Juan Maldonado De Jesús y al Sr. Aaron Wayne Vick.[1]

Es un hecho incontrovertido que el Hon. Domingo Emanuelli Hernández, Secretario de Justicia, determinó la existencia de un conflicto de interés que impedía a su dependencia encargarse del procesamiento de los funcionarios públicos, coautores o personas privadas que participaron en la conducta delictiva imputada.

Aun así, las opiniones disidentes insisten en imponer condiciones adicionales con fines de cuestionar la legitimidad del conflicto de interés consignado. Rechazo esa invitación. Contrario a la contención de algunos compañeros, estamos impedidos de revisar la discreción del Secretario de Justicia para decidir a quién procesar. Pueblo v. Rexach Benítez, supra.

La peripecia de añadir trabas adicionales al mecanismo instaurado por la Ley del PFEI tropieza con la investigación neutral e independiente que el legislador dispuso. En el peor de los casos, obstaculizar de esta manera la facultad del PFEI podría, incluso, abonar al problema de impunidad por falta de encausamiento. Eso sucedería si el Panel del PFEI decidiera que no se encause a un funcionario público y se le privara de encausar a personas privadas relacionadas,

---

[1] A estos se les imputó intervenir ilegalmente en el proceso de otorgación de un contrato gubernamental relacionado con la compra de pruebas para detectar COVID-19. Así, las acusaciones se centraron en los delitos de tentativa de fraude; falsificación de documentos; posesión y traspaso de documentos falsificados; falsedad ideológica, e intervención indebida en operaciones gubernamentales.

luego de revocarse la decisión del Secretario de Justicia de que tenía un conflicto de interés para procesar a esos individuos. Eso es precisamente lo que los legisladores quisieron evitar.

## II

En fin, estoy conforme con la Opinión que hoy se certifica. El nombramiento y la encomienda que el Panel realizó pone de manifiesto la jurisdicción de los Fiscales Especiales Independientes.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Peticionario

       v.                CC-2023-0318

Juan Maldonado de Jesús y
Aaron Vick

     Recurridos

La Jueza Presidenta Oronoz Rodríguez emitió una Opinión Disidente

En San Juan, Puerto Rico, a 22 de septiembre de 2023.

Nuevamente se nos presentó una controversia que gira en torno a si la Oficina del Panel sobre el Fiscal Especial Independiente (OPFEI) ostenta jurisdicción para presentar cargos criminales contra personas particulares a pesar de que no se les haya imputado haber cometido conducta delictiva contra la función pública o el erario, en concierto y común acuerdo con un funcionario público. Cónsono con mi postura en Pueblo v. Muñoz Noya, 204 DPR 745 (2020), disiento respetuosamente del proceder de una mayoría de esta Curia.

**I.**

La *Ley de la Oficina del Panel sobre el Fiscal*

*Especial Independiente*, Ley Núm. 2 de 23 de febrero de 1988, 3 LPRA secs. 99h et seq. (Ley Núm. 2), instauró OPFEI, un mecanismo de naturaleza extraordinaria para el procesamiento criminal de ciertos funcionarios del gobierno. El Art. 5 de esta ley, el cual atiende la jurisdicción de OPFEI sobre otros funcionarios, empleados o individuos no enumerados en el Art. 4(1), concede autoridad a la referida oficina para encausar a individuos particulares que hayan participado como autores o coautores en la conducta delictiva que involucre a un funcionario público, inicialmente investigado bajo la jurisdicción de OPFEI. Véase: 3 LPRA sec. 991. Sin embargo, la ley especifica que "el Panel tendrá la facultad de determinar si investiga y procesa al autor o los coautores [...] **solamente cuando los delitos imputados a los funcionarios públicos bajo su jurisdicción sean contra la función pública o el erario**".[1] Es decir, la jurisdicción de OPFEI sobre personas particulares está supeditada a la existencia de un funcionario público a quien se le impute un delito contra la función pública o el erario.

En el caso ante nos, el 4 de noviembre de 2021 OPFEI presentó varias denuncias criminales en contra de los señores Juan Maldonado De Jesús (señor Maldonado de Jesús) y Aaron Wayne Vick (señor Vick) por los delitos de tentativa de

---

[1] (Énfasis suplido). La Ley Núm. 3-2012 enmendó el Art. 5 de la Ley Núm. 2 para incluir el texto al que se hace referencia. Cito el texto íntegro de la Ley Núm. 3-2012, según fue promulgada por el Departamento de Estado, pues las colecciones de Leyes de Puerto Rico (LPR) y Leyes de Puerto Rico Anotadas (LPRA), por error, no incluyen esta porción del Art. 5 de la Ley Núm. 2. Véase: ttps://sutra.oslpr.org/osl/sutra/anejos_ conv/2009-2012/%7Bcd78b2f8-e3fd-48a9-ae35-543f9c792d6f%7D.pdf.

fraude, falsificación de documentos, falsedad ideológica, posesión y traspaso de documentos falsificados e intervención indebida en operaciones gubernamentales (Arts. 202, 211, 212, 217 y 254 del Código Penal, 33 LPRA secs. 5272, 5281, 5282, 5287 y 5345). Sin embargo, las denuncias que se presentaron en contra de los señores Maldonado De Jesús y Vick no imputaron conducta delictiva llevada a cabo en concierto y común acuerdo con algún funcionario o exfuncionario público ni que hayan participado, conspirado, inducido, aconsejado, provocado, instigado, o de algún otro modo hayan sido autores o coautores de conducta delictiva realizada por algún servidor o exservidor público. Por el contrario, las denuncias se limitaron a exponer que dos personas particulares y privadas actuaron en concierto y común acuerdo, únicamente entre ellas, para cometer la conducta prohibida. La pregunta forzosa, y que la Opinión mayoritaria evita plantearse, es: ¿Cuál es el delito imputado al funcionario público dentro de la jurisdicción de OPFEI que sirve como base para que esta entidad obtenga jurisdicción sobre las personas particulares? Evidentemente, no existe ninguno. Entonces, es forzoso concluir que está ausente el elemento esencial que otorgaría jurisdicción a OPFEI sobre las personas privadas imputadas.

Tras concluir que no se cumplió con la referida excepción, procedía analizar si estábamos ante la otra situación excepcional concebida en la Ley Núm. 2 mediante la

cual se le otorga jurisdicción a OPFEI sobre personas particulares: **cuando el Secretario del Departamento de Justicia determina que podría existir un conflicto de interés que impida la investigación objetiva por el Departamento de Justicia.** 3 LPRA sec. 991.

Sobre esto, OPFEI indicó que el Departamento de Justicia expresó estar impedido de procesar a los imputados por un posible conflicto de interés, pues inicialmente no había recomendado la designación de un Fiscal Especial Independiente. En particular, el 23 de septiembre de 2021 el Fiscal Especial Independiente, el Lcdo. Ramón Mendoza Rosario (Fiscal Especial Mendoza Rosario), le remitió a la Presidenta de OPFEI, la Lcda. Nydia M. Cotto Vives (licenciada Cotto Vives), una carta en la cual le expresó que "[e]n este caso estamos considerando que procede presentar cargos criminales. Dichos cargos estarían dirigidos a personas privadas. Debido a lo anterior, es necesario auscultar y definir los aspectos jurisdiccionales aplicables".[2]

En respuesta, el 23 de septiembre de 2021 la licenciada Cotto Vives envió al Secretario del Departamento de Justicia, Hon. Domingo Emanuelli Hernández (secretario Emanuelli Hernández), una carta en la que le comunicó lo siguiente:

> [H]emos recibido una comunicación de los Fiscales Especiales Independientes (FEI) en el caso de referencia. En la misma, nos informan que —luego de culminar la investigación a fondo—, han determinado presentar cargos penales contra tres de los coautores, que no son funcionarios públicos. Al no presentarse cargos penales contra

---

[2] Apéndice del *certiorari*, pág. 278.

ninguno de los funcionarios públicos investigados, los cuales participaron del proceso de la compra de las pruebas COVID, queda pendiente determinar si el proceso continuará a cargo de los fiscales especiales independientes o, en su defecto, el Departamento de Justicia se hará cargo de dicho procedimiento. Sin embargo, **para que los FEI puedan continuar con el mismo, es necesario que usted así lo determine a la luz de lo dispuesto en el Art. 5 de la Ley Núm. 2-1988.**[3] (Énfasis suplido).

El 24 de septiembre de 2021, el secretario Emanuelli Hernández, remitió una misiva a la licenciada Cotto Vives mediante la cual le expresó que:

[E]n atención a su comunicación de 23 de septiembre de 2021, le informamos que es completamente incompatible y conlleva **un serio conflicto de intereses que los fiscales** del Departamento de Justicia **se hagan cargo del procesamiento de los funcionarios públicos** que participaron en este caso en el proceso de compra de las pruebas de COVID. Ello en vista de que en el informe de la investigación preliminar que fue remitido el 10 de diciembre de 2020 al Panel sobre el Fiscal Especial Independiente (PFEI) por el Departamento de Justicia, no se recomendó la designación de un Fiscal Especial Independiente basado en los hallazgos de la investigación.[4] (Énfasis suplido).

Posteriormente, el 27 de septiembre de 2021 la licenciada Cotto Vives les comunicó a los fiscales especiales asignados al caso lo siguiente:

En atención a la comunicación que enviaron al Panel el pasado 23 de septiembre de 2021, relacionada con el caso de referencia, procedimos a remitir una comunicación al Hon. Domingo Emanuelli Hernández, Secretario del Departamento de Justicia para que éste evaluara el aspecto jurisdiccional y nos notificara su decisión sobre el particular. Mediante escrito fechado el 24 de siempre de 2021, el Secretario de Justicia nos indica su determinación de que el caso continúe

---

[3] Íd., pág. 279.
[4] Íd., pág. 280.

siendo atendido por los fiscales especiales independientes. Atendido le anterior, quedan facultados para proceder de conformidad con dicha determinación.[5]

Finalmente, el 21 de octubre de 2021 el secretario Emanuelli Hernández envió otra misiva a la licenciada Cotto Vives en la que le expresó que:

> [L]e informarnos que es completamente incompatible y conlleva un **serio conflicto de intereses** que el Ministerio Público se haga cargo del **procesamiento de personas privadas o de los coautores** que participaron en el proceso de la compra de las pruebas de COVID-19. Por tal razón, el Departamento de Justicia no se hará cargo del procesamiento criminal de dichas personas con relación a este asunto.[6] (Énfasis suplido).

Nótese que, en primer lugar, el Fiscal Especial Independiente asignado, el licenciado Mendoza Rosario, entendió pertinente auscultar la propia jurisdicción de OPFEI para presentar los cargos criminales en contra de los señores Maldonado De Jesús y Vick. Es decir, contra personas privadas y no contra funcionarios o exfuncionarios públicos. Acto seguido, la Presidenta de OPFEI entendió prudente comunicarse directamente con el Secretario de Justicia para determinar quién se haría cargo de la presentación de cargos. Esto, pues según mencionó, "**[a]l no presentarse cargos penales contra ninguno de los funcionarios públicos investigados […][,] para que los FEI puedan continuar con el [procedimiento], es necesario que [el Secretario de**

---

[5] Íd., pág. 281.
[6] Íd., pág. 282.

**Justicia] así lo determine a la luz de lo dispuesto en el Art. 5 de la Ley Núm. 2"**.[7] (Énfasis suplido).

Es meritorio resaltar que, ante la interrogante que presentó la licenciada Cotto Vives, el Secretario de Justicia **solamente** aludió a que la continuación de los procedimientos en el Departamento de Justicia era incompatible y conllevaba un serio conflicto de interés que sus fiscales encausaran **a los funcionarios públicos involucrados.** Esto se lo atribuyó a la simple y llana razón de que en el Informe de la Investigación Preliminar que preparó el Departamento de Justicia no se recomendó la designación de un FEI. **Sin embargo, el Secretario de Justica no aludió a que el Departamento de Justicia tuviera algún conflicto de interés al procesar criminalmente a las personas privadas implicadas en este caso, los señeros Maldonado de Jesús y Vick.** No fue sino hasta un mes después que el Secretario de Justicia remitió una nueva comunicación a la Presidenta de OPFEI aludiendo, por primera vez y sin explicación alguna, a la existencia de un conflicto de interés que impedía a ese departamento hacerse cargo del procesamiento de personas privadas o de los coautores que participaron en el proceso de la compra de las pruebas de COVID-19.

Lo cierto es que la ley exige que el Secretario de Justicia haga una determinación de la existencia de un

---

[7] Íd., pág. 279.

conflicto de interés que impida la investigación objetiva por parte del Departamento de Justicia. Ahora bien, en el caso ante nos lo único que se hizo fue expresar de manera genérica y ambigua que existía un conflicto de interés. No se evidenció en qué consiste dicho conflicto ni si este genuinamente impide la investigación objetiva por parte del Departamento de Justicia. Sin tener tan siquiera alegaciones al respecto ante nosotros para poder evaluar la existencia del supuesto conflicto de interés, sería incorrecto determinar que procede otorgar jurisdicción a OPFEI sobre las personas particulares en cuestión. Me parece que, en esta coyuntura, si el Departamento de Justicia tiene la intención de liberarse de su deber constitucional, debe tener una razón de peso.

## II.

De una lectura cohesiva de toda la legislación aplicable surge con meridiana claridad que el legislador proveyó únicamente **dos excepciones** por las cuáles OPFEI podría adquirir jurisdicción sobre personas privadas, a saber: "(1) el procesamiento coetáneo de un funcionario público que el PFEI tenga jurisdicción para procesar, en relación con el mismo núcleo de hechos, o (2) emitida una determinación de conflicto de interés por parte del Secretario del Departamento de Justicia de Puerto Rico […]". Pueblo v. Muñoz Noya, supra, pág. 768 (J. Colón Pérez, Opinión disidente). A fin de cuentas, no podemos olvidar

que, "[p]or regla general, la facultad y responsabilidad de investigar, acusar y procesar una alegada conducta constitutiva de delito público recae en la persona del Secretario de Justicia y de los fiscales adscritos al Departamento de Justicia". Pueblo v. García Vega, 186 DPR 592, 603 (2012). Ante la inexistencia de alguna de las dos situaciones excepcionales discutidas, resulta claro que es el Departamento de Justicia y no OPFEI quien único ostenta jurisdicción para procesar criminalmente a los señores Maldonado De Jesús y Vick.

### III.

Hoy, la mayoría de esta Curia implementa una norma absurdamente amplia que no solamente ignora el texto claro de la ley al otorgar jurisdicción donde palmariamente no la hay, sino que omite por completo la discusión de la única excepción para encausar a personas privadas sin la imputación coetánea de funcionarios o exfuncionarios públicos que existe en el texto de la Ley Núm. 2.

Adviértase, finalmente, que, en vista de que el Departamento de Justicia se limitó a alegar livianamente —sin sustentar— la existencia de un conflicto de interés, si este Tribunal hubiese resuelto la controversia correctamente en Derecho, la referida agencia no tendría impedimento jurisdiccional real para procesar a los señores De Jesús Maldonado y Vick por los delitos imputados.

Por los fundamentos expuestos, disiento del resultado del dictamen mayoritario.


                                  Maite D. Oronoz Rodríguez
                                      Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.                    CC-2023-0318     *Certiorari*

Juan Maldonado De Jesús y
Aaron Vick

    Recurridos

Opinión Disidente emitida por el Juez Asociado señor COLÓN PÉREZ a la que se une la Jueza Presidenta ORONOZ RODRIGUEZ.

En San Juan, Puerto Rico, a 22 de septiembre de 2023.

Hace aproximadamente tres años atrás, en *Pueblo v. Muñoz Noya, infra*, advertimos que el Panel sobre el Fiscal Especial Independiente, -- peligrosamente, y más allá de las potestades concedidas por ley --, se había arrogado la facultad de investigar y procesar criminalmente a **personas particulares**, desplazando en esa tarea al Departamento de Justicia de Puerto Rico. En ese momento, una mayoría de este Tribunal se negó a detener los abusos de poder del Panel sobre el Fiscal Especial Independiente. Ello, ha ocasionado que hoy, lamentablemente, se repita la misma historia. Esta vez en un escenario aún más alarmante. Veamos.

I.

Los hechos medulares que dan margen al presente litigio no están en controversia. En síntesis, durante la emergencia sanitaria a causa de la pandemia del COVID-19, varias personas -- entre ellas, un grupo de legisladores y legisladoras -- refirieron al Departamento de Justicia de Puerto Rico un escrito mediante el cual le informaban a la mencionada agencia gubernamental sobre ciertas irregularidades presuntamente incurridas por la entonces Gobernadora de Puerto Rico, la Hon. Wanda Vázquez Garced, y otros funcionarios públicos,[1] en la otorgación de determinado contrato para la compra de pruebas para la detección del referido virus. Esto dio paso a que el Departamento de Justicia iniciara una investigación preliminar al respecto.

---

[1] En específico, además de la entonces Gobernadora, se investigó a los siguientes funcionarios y funcionarias públicos: (1) Concepción Quiñones de Longo (Exsecretaria Interina del Departamento de Salud); (2) General José Burgos Vega (Excomisionado del Negociado de Emergencias y Administración de Desastres); (3) Iris Estelle Santos Díaz (Directora de la Oficina de Gerencia y Presupuesto); (4) Ottmar J. Chávez Piñero (Administrador de Servicios Generales); (5) Antonio Luis Pabón Battle (Secretario de la Gobernación); (6) Lillian Sánchez Pérez (Subsecretaria de la Gobernación); (7) Segundo Rodríguez Quilichini (Asesor de la Gobernadora como Coordinador del *Task Force* médico); (8) Juan Luis Salgado Morales (Asesor de la Gobernadora como miembro del *Task Force* médico); (9) Mabel Cabeza Rivera (*Chief of Staff* en el Departamento de Salud y funcionaria en destaque en La Fortaleza, adscrita al *Task Force* médico); (10) Adil Marie Rosa Rivera (Exsecretaria Auxiliar en Administración en el Departamento de Salud); (11) Mariel Rivera Rivera (Analista de compras en el Departamento de Salud como parte del programa federal *Crisis Program Management Office*); (12) Diana Meléndez Díaz (Directora Interina de la Oficina interina de Compras y Subastas del Departamento de Salud); (13) Alfonso Alberto Rossy Raíces (Secretario Auxiliar de Contabilidad en el Departamento de Hacienda); y (14) Guarina Josefina Delgado García (Ayudante Especial en el Negociado de Emergencias y Administración de Desastres). Véase, *Carta dirigida a la Presidenta del Panel*, la Lcda. Nydia M. Cotto Vives, de parte de la Secretaria Interina del Departamento de Justicia, la Lcda. Inés del C. Carrau Martínez, 29 de octubre de 2020, Apéndice de *Petición de certiorari*, pág. 512.

A base de la prueba recopilada durante dicha investigación, la Secretaria Interina del Departamento de Justicia, la Lcda. Inés del C. Carrau Martínez, concluyó que no existía causa suficiente para creer que los funcionarios públicos en cuestión habían incurrido en conducta delictiva. En consecuencia, determinó que en este caso no recomendaba la designación de un Fiscal Especial Independiente para investigar y procesar a éstos últimos, y así se lo comunicó al Panel sobre el Fiscal Especial Independiente (en adelante, "PFEI").[2]

Ahora bien, en vista de que el escrito que inició la investigación preliminar a la que hemos hecho referencia contenía alegaciones que relacionaban al Sr. Juan Maldonado De Jesús y al Sr. Aaron W. Vick (en adelante, "señor Maldonado De Jesús" y "señor Vick", respectivamente), ambas **personas particulares**, -- es decir, no funcionarios públicos --, para la misma fecha en que el Departamento de Justicia le notificó al PFEI sobre su determinación de concluir la investigación en

---

[2] Recordemos que se consideró referir al mencionado grupo de funcionarios públicos al PFEI, pues es dicha entidad la cual tiene jurisdicción para procesar criminalmente a: (a) el Gobernador; (b) los secretarios y subsecretarios de los departamentos del Gobierno; (c) los jefes y subjefes de agencias; (d) los directores ejecutivos y subdirectores de las corporaciones públicas; (e) los alcaldes; (f) los miembros de la Asamblea Legislativa de Puerto Rico; (g) los asesores y ayudantes del Gobernador; (h) jueces; (i) los fiscales; (j) los registradores de la propiedad; (k) los procuradores de relaciones de familia y menores; y/o (l) toda persona que haya ocupado cualesquiera de los cargos antes enumerados (siempre que la designación del Fiscal Especial Independiente se haga dentro de los cuatro (4) años siguientes a la fecha en que esa persona cesó en su cargo), a los que se le impute la comisión de cualquier delito grave y menos grave incluido en la misma transacción o evento, o cualquier delito contra los derechos civiles, la función pública o el erario. Art. 4(1), Ley de la Oficina del Panel sobre el Fiscal Especial Independiente, *infra*.

contra de los funcionarios públicos aquí señalados, también le notificó a estos dos ciudadanos privados la recomendación de no designar a un Fiscal Especial Independiente para investigarles.

Así las cosas, evaluadas las notificaciones del Departamento de Justicia, -- y contrario a lo recomendado --, el PFEI determinó que, debido a la prueba que dicha oficina previamente había recibido, era necesario realizar una investigación a profundidad sobre los asuntos aquí en controversia.[3] Cónsono con ello, designó a varios Fiscales Especiales para esta tarea.[4]

Finalizada la mencionada investigación, los Fiscales Especiales Independientes concluyeron que solamente procedía presentar cargos contra el señor Maldonado De Jesús y el señor Vick, quienes, como aludido antes, son **personas particulares**, es decir, no son funcionarios públicos. Ante esta eventualidad, se suscitó la necesidad, por parte del PFEI, de "auscultar y definir los aspectos jurisdiccionales aplicables".[5]

---

[3] Cabe destacar que, en virtud del Art. 4(4) de la Ley de la Oficina del Panel sobre el Fiscal Especial Independiente, *infra*, el PFEI ya había iniciado una investigación preliminar antes de recibir el informe del Departamento de Justicia. Esto, debido a que la Comisión de Salud de la Cámara de Representantes le había referido varios informes sobre la misma situación. Véase, *Resolución del Panel sobre el Fiscal Especial Independiente*, 28 de diciembre de 2020, Apéndice de la *Petición de certiorari*, pág. 585.

[4] Específicamente, se designó a los Lcdos. Ramón Mendoza Rosario, Manuel Núñez Corrada y Juan E. Catalá.

[5] Véase, *Carta dirigida a la Presidenta del Panel*, la Lcda. Nydia M. Cotto Vives, y a miembros del Panel, la Lcda. Ygri Rivera Sánchez y el Lcdo. Rubén Vélez Torres, de parte de los Fiscales Especiales delegados, los Lcdos. Ramón Mendoza Rosario, Juan E. Catalá Suárez y Manuel Núñez Corrada, 23 de septiembre de 2021, Apéndice de *Petición de certiorari*, pág. 339.

Así las cosas, -- mediante carta --, el PFEI consultó al Secretario de Justicia, el Lcdo. Domingo Emanuelli Hernández, respecto a si se debía procesar al señor Maldonado De Jesús y al señor Vick por vía de los Fiscales Especiales Independientes o, si por el contrario, el Departamento de Justicia se haría cargo. A juicio del PFEI, para que el asunto continuara en manos de los Fiscales Especiales Independientes, por tratarse aquí de **personas particulares**, era necesario que el Secretario de Justicia levantara la existencia de un conflicto de interés que no le permitiera manejar el asunto.

En respuesta, mediante una primera comunicación, el Secretario de Justicia le notificó al PFEI que la agencia gubernamental que éste dirige no se haría cargo del procesamiento criminal "de los funcionarios públicos que participaron del proceso de compra de las pruebas COVID".[6] Esto, por entender que existía un conflicto de interés a raíz de la determinación preliminar del Departamento de Justicia de que no procedía la designación de un Fiscal Especial Independiente para investigar y procesar a éstos. **Nada se mencionó sobre la investigación y el procesamiento del señor Maldonado De Jesús y del señor Vick.**

Recibida dicha comunicación, el PFEI informó a los Fiscales Especiales Independientes a cargo del caso que

---

[6] Véase, *Carta dirigida a la Presidenta del Panel*, la Lcda. Nydia M. Cotto Vives, de parte del Secretario de Justicia, el Lcdo. Domingo Emanuelli Hernández, 24 de septiembre de 2021, Apéndice de *Petición de certiorari*, pág. 341.

el Secretario de Justicia había autorizado la continuación del trámite, en contra del señor Maldonado De Jesús y el señor Vick, a través de estos. Ello, a pesar de la falta de alusión a estos últimos en la referida carta.

Varias semanas después, el Secretario de Justicia cursó una segunda comunicación al PFEI en la cual indicó que su Departamento no se haría cargo del procesamiento de "personas privadas o de los coautores que participaron en el proceso de la compra de pruebas para COVID-19",[7] ya que entendía que ello era "completamente incompatible y conlleva[ba] un serio conflicto de intereses".[8] **No obstante, no se abundó sobre el alegado conflicto de interés.**

**Como resultado de lo anterior, para noviembre de 2021, el PFEI presentó varios cargos contra el señor Maldonado De Jesús y el señor Vick.** Específicamente, se les acusó por los delitos de fraude, falsificación de documentos, falsedad ideológica, posesión y traspaso de documentos falsificados e intervención indebida en las operaciones gubernamentales. Arts. 202, 211, 212, 217 y 254 del Código Penal de Puerto Rico, 33 LPRA secs. 5272, 5281, 5282, 5287 y 5345, respectivamente.

**Así pues, luego de varios trámites procesales no necesarios aquí pormenorizar, el señor Maldonado De Jesús**

---

[7] Véase, *Carta dirigida a la Presidenta del Panel*, la Lcda. Nydia M. Cotto Vives, de parte del Secretario de Justicia, el Lcdo. Domingo Emanuelli Hernández, 21 de octubre de 2021, Apéndice de *Petición de certiorari*, pág. 343.

[8] *Íd.*

**y el señor Vick solicitaron la desestimación de los cargos presentados en su contra. En esencia, estos adujeron que el PFEI no tenía jurisdicción para procesarles por los delitos antes mencionadas por ser éstos <u>personas particulares</u>, entiéndase, individuos privados, que no actuaron en acuerdo con un funcionario público.**

Enterado de lo anterior, en oposición, el PFEI argumentó que tenía jurisdicción para iniciar un proceso criminal respecto a cualesquiera de los delitos que surgieran como resultado de una investigación encomendada por el PFEI. Esto, incluyendo aquellos cometidos por **<u>personas particulares</u>**, como, a su juicio, ocurrió en el presente caso.

**Tras evaluar los argumentos de las partes, el Tribunal de Primera Instancia emitió una *Resolución* mediante la cual determinó que el PFEI no tenía jurisdicción ni facultad legal para encausar criminalmente al señor Maldonado De Jesús y al señor Vick. En consecuencia, ordenó la desestimación de todos los cargos en contra de estos últimos.**

Inconforme con dicho proceder, el PFEI acudió al Tribunal de Apelaciones mediante *Petición de certiorari*. En esencia, argumentó que dicha oficina tenía jurisdicción sobre el señor Maldonado De Jesús y el señor Vick desde el inicio de la investigación en su contra, toda vez que los últimos figuraban en una encomienda asignada por el

PFEI. Asimismo, alegó que, una vez asumida tal jurisdicción, la misma no se perdía.

Por su parte, el señor Maldonado De Jesús y el señor Vick presentaron sus respectivos escritos en oposición a la expedición del auto de *certiorari.* En síntesis, estos argumentaron que, por no haber actuado en concierto y común acuerdo con un funcionario público para cometer delitos contra la función pública, el PFEI no tenía facultad alguna para procesarles.

**Evaluado los alegatos de ambas partes, el Tribunal de Apelaciones dicto *Sentencia*. Al así hacerlo, concluyó que, de las denuncias presentadas, no surgía que el señor Maldonado De Jesús y el señor Vick hubiesen actuado en concierto y común acuerdo con algún funcionario o exfuncionario público, tal como se requiere legalmente para que dicha entidad pueda investigar y procesar criminalmente a <u>personas particulares</u>. En otras palabras, no encontró que estos hubiesen participado, conspirado, inducido, aconsejado, provocado, instigado, o de algún otro modo, hubiesen sido autores o coautores de conducta delictiva realizada por algún servidor o exservidor público.**

**El foro apelativo intermedio tampoco logró identificar un conflicto de interés que le permitiera al Departamento de Justicia delegar la investigación y procesamiento de éstas <u>personas particulares</u> al PFEI. Así las cosas, se confirmó el dictamen del foro primario.**

Inconforme aún, el PFEI acudió ante esta Curia mediante una *Petición de certiorari.* En síntesis, la mencionada entidad reitera su posición en cuanto a que tiene jurisdicción sobre el señor Maldonado De Jesús y el señor Vick desde el inicio de la investigación y que su ley habilitadora no contempla la pérdida de esta autoridad. Por lo anterior, arguye que tiene la facultad en ley para para encausar criminalmente a las **personas particulares** aquí en cuestión.

En oposición, el señor Maldonado De Jesús y el señor Vick presentaron, por separado, sus alegatos. Esencialmente, estos sostienen los argumentos presentados ante los foros inferiores. En específico, argumentan que el PFEI carece de autoridad para procesarles, toda vez que no se les imputa un delito en concierto y común acuerdo con un funcionario público. De igual forma, plantean que el Departamento de Justicia no logró identificar un conflicto de interés concreto que le permitiese ceder el procesamiento al PFEI.

Trabada así la controversia, una mayoría de este Tribunal determinó que la jurisdicción de los Fiscales Especiales Independientes se extiende a casos en los que se presentan cargos criminales contra **personas particulares**, cuya presunta conducta delictiva es descubierta como resultado de la investigación encomendada por el PFEI. Por no estar de acuerdo con dicho proceder, energéticamente disentimos. Explicamos el porqué.

II.

A.

Como regla general, en nuestra jurisdicción la facultad y responsabilidad de investigar, acusar y procesar criminalmente recae en el Secretario o Secretaria de Justicia y en los fiscales adscritos a este Departamento. *Pueblo v. Torres Santiago*, 175 DPR 116, 125 (2008). Véase también, *Pueblo v. García Vega*, 186 DPR 592, 603 (2012); *Pueblo v. Colón Bonet*, 200 DPR 27, 35 (2018). Dicha facultad y responsabilidad emana del mandato constitucional de asistir al Gobernador o Gobernadora en turno en el cumplimiento de las leyes. Art. IV, Secs. 4-6, Const. ELA, LPRA, Tomo I, ed. 2023 pág. 424-429. Véase, *Pueblo v. Torres Santiago*, *supra*, pág. 125; *Pueblo v. Quiñones, Rivera*, 133 DPR 332, 338 (1993).

No obstante, a modo de excepción, nuestra Asamblea Legislativa delegó, bajo algunos supuestos, parte de esta autoridad al PFEI. *Pueblo v. Torres Santiago*, *supra*, pág. 125. Véase, *Pueblo v. Pérez Casillas*, 126 DPR 702, 710 (1990); *Pueblo v. Rexach Benítez*, 130 DPR 273, 293 (1992). Esto, mediante la Ley Núm. 2 de 23 de febrero de 1988, según enmendada, 3 LPRA sec. 99h *et seq.*, también conocida como la Ley de la Oficina del Panel sobre el Fiscal Independiente (en adelante, "Ley del PFEI").

En específico, el referido estatuto se promulgó a raíz de varios "casos de corrupción y delitos en el gobierno de Puerto Rico". J.M. Masini-Muñoz, *Realidades*

*de la Oficina del Fiscal Especial Independiente y de La ley que la estableció*, 62 (Núm. 2) Rev. Jur. UPR 331, 332 (1993). Véase también, Exposición de Motivos, Ley del PFEI, *supra*. En atención a ello, se creó el PFEI, como ente independiente, con la finalidad de "prevenir, erradicar y penalizar cualquier comportamiento delictuoso o indebido" realizado por funcionarios gubernamentales. Exposición de Motivos, Ley del PFEI, *supra*. Véase también, *Pueblo v. Colón Bonet*, *supra*, pág. 37; *Pueblo v. Torres Santiago*, *supra*, pág. 124.

En esencia, la idea de crear un ente independiente tenía como propósito evitar cualquier posible parcialidad, por parte del Departamento de Justicia, "para llevar casos criminales de funcionarios públicos". Masini-Muñoz, *supra*, pág. 333. Véase, *Pueblo v. Colón Bonet*, *supra*, págs. 37-38. **En pocas palabras, el PFEI se instituyó como un foro para aquellos casos "cuya investigación deba llevarse a cabo por otra unidad de la Rama Ejecutiva que no sea el Departamento de Justicia, […] por la función pública de la persona a ser investigada".** (Énfasis suplido). *Silva Iglecia v. FEI*, 137 DPR 821, 836 (1995).

B.

**Así pues, el Art. 4 de la Ley del PFEI, *infra*, detalla el proceso que se debe seguir para designar a un Fiscal Especial Independiente en aquellas instancias en las que están envueltos los funcionarios o exfuncionarios públicos a los que le es de aplicación la referida disposición**

**legal.** Art. 4(1), Ley del PFEI, 3 LPRA sec. 99k. En particular, entre estos funcionarios se encuentran: (1) la o el gobernador; (2) las o los secretarios y subsecretarios de los departamentos del ELA; y (3) las y los jefes y subjefes de agencias; al igual que personas que han ocupado estos puestos (siempre que la designación del Fiscal Especial se haga dentro de los cuatro (4) años siguientes a la fecha en que esa persona cesó en su cargo). *Íd.* Véase, *Pueblo v. Colón Bonet, supra,* págs. 37-38; *In re Invest. Ex. Alcalde Vega Alta*, 158 DPR 666, 672 (2003).

En específico, el mencionado Art. 4 de la Ley del PFEI, *supra*, en su inciso (1), dispone que el Secretario de Justicia iniciará una investigación preliminar en todo caso en que obtenga información, de ordinario bajo juramento, que a su juicio constituya causa suficiente para investigar si alguno de los funcionarios antes mencionados ha cometido cualquier delito, -- sea grave o menos grave --, incluido en la misma transacción o evento, o contra los derechos civiles, la función pública o el erario. Art. 4(2), Ley del PFEI, *supra*. De la investigación realizada, el Secretario de Justicia deberá remitir un informe al PFEI con sus recomendaciones sobre si existe causa suficiente para creer que se ha cometido cualesquiera de los referidos delitos y si procede, o no, la designación de un Fiscal Especial Independiente para que evalúe el asunto investigado. Art. 4(2), Ley del PFEI,

*supra*. Véase, *Pueblo v. Rodríguez Santana*, 146 DPR 860, 872 (1998).

De igual forma, si el Secretario de Justicia determina que no es necesario designar a un Fiscal Especial Independiente, éste aún tiene el deber de referir el informe y el expediente completo del caso al PFEI. Art. 4(2), Ley del PFEI, *supra*. En tales instancias, el PFEI tendrá discreción para nombrar a un Fiscal Especial Independiente y ordenar la investigación del caso, indistintamente de la recomendación del Secretario de Justicia. *Íd.* Véase*, Pueblo v. Colón Bonet, supra,* pág. 39; *In re Invest. Ex. Alcalde Vega Alta*, *supra*, pág. 673. Esto, a nuestro juicio, solo en aquellas circunstancias en que así se lo permita su ley habilitadora.

C.

**Ahora bien, y ya más en lo relacionado a la controversia que nos ocupa, el Art. 5 de la Ley del PFEI,** *infra*, **esboza dos escenarios en los cuales el PFEI podrá investigar y procesar criminalmente a personas no enumeradas en el Art. 4 de la antes descrita ley,** *supra*. **Entre estas, las <u>personas particulares</u> ("individuos").** Art. 5, Ley del PFEI, 3 LPRA sec. 991.

**En esa dirección, los primeros dos incisos del Art. 5 de la Ley del PFEI,** *supra*, **contemplan la posibilidad de que el PFEI pueda investigar a una <u>persona particular</u> cuando el Secretario de Justicia entienda que, el manejo de la investigación por parte del Departamento que éste**

**dirige, podría ocasionar un conflicto de interés**. Art. 5(1), Ley del PFEI, *supra*.

En específico, la aludida disposición reza de la siguiente manera:

> Cuando el Secretario recibiere información bajo juramento que a su juicio constituyera causa suficiente para investigar si cualesquiera de los funcionarios, ex funcionarios, empleados, ex empleados, autores, coautores o **individuos** no enumerados en el Artículo 4, de esta Ley ha cometido cualesquiera de los delitos a que hace referencia al Artículo 4 de esta Ley efectuará una investigación preliminar y solicitará el nombramiento de un Fiscal Especial **cuando determine que, de ser la investigación realizada por el Secretario de Justicia, podría resultar en algún conflicto de interés**. (Énfasis suplido). *Íd.*

Precisa señalar aquí que, el precitado articulado debe leerse, claro está, en conjunto con el Art. 5(2) de la Ley del PFEI, *supra*, el cual dispone que de no existir conflicto que impida una investigación objetiva, el Departamento de Justicia asumirá jurisdicción sobre la misma. Art. 5(2), Ley del PFEI, *supra*.

Así pues, de lo anterior podemos colegir que se permite designar a un Fiscal Especial Independiente cuando la "investigación deba llevarse a cabo por otra unidad de la Rama Ejecutiva que no sea el Departamento de Justicia, [...] *porque la investigación pueda crear serios conflictos de intereses al Departamento de Justicia*". (Énfasis suplido). *Silva Iglecia v. FEI*, *supra*. Es decir, en estos casos, el elemento esencial para que el PFEI pueda intervenir con **personas particulares** es la

existencia de un conflicto de interés entre el Departamento de Justicia y la parte investigada.

**Atendido el primero de los escenarios en los cuales el PFEI puede investigar y procesar criminalmente a <u>personas particulares</u>**, procedemos a atender lo relacionado al segundo de los escenarios. **Este se encuentra recogido en el inciso tres (3) del Art. 5 de la Ley del PFEI**, *supra*, **el cual dispone que el PFEI podrá investigar y procesar a una <u>persona particular</u> cuando ésta haya cometido alguno de los delitos a los que hace referencia el estatuto, en colaboración con un funcionario o exfuncionario según enumerado en el Art. 4.** Art. 5(3), Ley del PFEI, *supra*. **Es decir, se puede extender la jurisdicción del PFEI a <u>personas particulares</u> que están implicadas en conducta delictiva realizada en acuerdo o cooperación con algún funcionario público enumerado en la ley.**

Ahora bien, para tener claro el alcance de este último inciso es imperativo analizar el mismo en conjunto con lo dispuesto en la Ley Núm. 3 de enero de 2012 (en adelante, "Ley Núm. 3-2012"); estatuto que se aprobó con la finalidad de enmendar el Art. 5 de la Ley del PFEI, *supra*. La enmienda en cuestión tuvo el propósito de establecer que el PFEI tiene la prerrogativa de determinar si incluir en su encomienda la investigación y procesamiento de autores o coautores, incluyendo **personas particulares**, del delito imputado al funcionario público. Art. 5(3), Ley del PFEI, *supra*.

En otras palabras, antes de la introducción de esta enmienda,**-- la que se limita a establecer la relación entre <u>personas particulares</u> y funcionarios públicos en la comisión de delitos --**, el PFEI no tenía jurisdicción sobre **<u>personas particulares</u>** que de algún modo fuesen autoras o coautoras de la conducta delictiva atribuida a los funcionarios enumerados. Exposición de Motivos, Ley Núm. 3-2012, *supra*. Según se desprende de la Exposición de Motivos de la referida pieza legislativa, dicha carencia de autoridad generaba inconvenientes tales como falta de coordinación y cooperación entre el Fiscal Especial Independiente y los fiscales del Departamento de Justicia; confusión en el jurado; fraccionamiento de procesos; entre otros. *Íd.*

D.

Por último, y para finalizar esta sección de la exposición del derecho que gobierna los asuntos que nos ocupan, nos parece indispensable enfatizar que los Fiscales Especiales Independientes no tienen "la facultad para determinar el alcance de su propia jurisdicción". *Pueblo v. Pérez Casillas*, *supra*, pág. 712. Tiene que ser así, pues lo contrario haría inoperante el principio general conforme con el cual la jurisdicción para investigar y procesar delitos que se cometen en Puerto Rico corresponde al Departamento de Justicia. *Pueblo v. Muñoz Noya*, *infra*, pág. 777, Opinión disidente del Juez Asociado Colón Pérez. Véase, *Pueblo v. Pérez Casillas*,

*supra*, pág. 712; *Pueblo v. Colón Bonet*, supra, págs. 35-36.

III.

Establecido lo anterior, y ya para culminar, repasamos lo resuelto por este Tribunal en *Pueblo v. Muñoz Noya,* 204 DPR 745 (2020; caso con controversias en extremo similares a las que hoy se encuentran ante nuestra consideración. En específico, las controversias a resolver versaban específicamente sobre el inciso tres (3) del Art. 5 de la Ley del PFEI, *supra*, a saber, la autoridad del PFEI para presentar cargos criminales contra **personas particulares** que presuntamente participaron en la conducta delictiva imputada a los funcionarios enumerados en el referido estatuto.

En esa ocasión, el PFEI intentó procesar a una **persona particular** -- el Lcdo. Ángel Muñoz Noya (en adelante, "licenciado Muñoz Noya") --, sin el procesamiento coetáneo del funcionario público sobre el cual dicha entidad tenía jurisdicción; entiéndase, el expresidente de la Cámara de Representantes de Puerto Rico, el Sr. Jaime Perelló Borrás (en adelante, señor Perelló Borrás").

Al adentrarse en las controversias relacionadas a dicho litigio, una mayoría de este Tribunal determinó que el PFEI poseía "jurisdicción exclusiva, circunscrita a la encomienda asignada por el PFEI, para encausar a individuos particulares que, de acuerdo con los hallazgos

de sus investigaciones, aparentemente delinquieron en concierto y común acuerdo con un funcionario público". *Íd.* pág. 765. **Esto, aunque este último no sea procesado criminalmente.**

Como ya mencionamos, en esa ocasión optamos por disentir energéticamente, debido a que somos del parecer que, -- de un análisis de la ley orgánica del PFEI y de la intención de la Asamblea Legislativa tras su creación --, solo hay dos supuestos en los cuales el PFEI puede asumir jurisdicción y procesar a **personas particulares**, a saber: (1) el procesamiento coetáneo de un funcionario público sobre el cual el PFEI tiene jurisdicción, con relación a los mismos hechos o eventos, o (2) cuando se emita una determinación de conflicto de interés por parte del Secretario de Justicia. *Pueblo v. Muñoz Noya*, *supra*, pág. 768, Opinión disidente del Juez Asociado Colón Pérez.

En lo que respecta al mencionado caso, aunque la investigación evidenció que el licenciado Muñoz Noya presunta y supuestamente había "delinquido" en acuerdo con el señor Perelló Borrás, nunca se presentaron cargos en contra de este último. Ante ese escenario, éramos y somos de la opinión que el PFEI quedó privado de autoridad para procesar al referido letrado.

En suma, estábamos frente a "*un solo proceso penal contra un ciudadano privado*, quien -- por no ser uno de los individuos enumerados en el Art. 4 de la Ley del PFEI, *supra* --, si se contase con prueba para esto, debió haber

sido procesado por el Departamento de Justicia". *Íd.* pág. 777. Ello, precisamente, fue lo que ocurrió en el caso de marras. Nos explicamos.

IV.

En el presente caso, como ya mencionamos, el Departamento de Justicia realizó una investigación preliminar que le llevó a concluir que no existía causa suficiente para creer que los funcionarios públicos y las **personas privadas** envueltas en la compra de las pruebas habían incurrido en una posible conducta delictiva. Por tal razón, no recomendó la designación de un Fiscal Especial Independiente.

No obstante, y contrario a lo recomendado, el PFEI entendió que sí era necesaria la designación de varios Fiscales Especiales Independientes para realizar una investigación a profundidad sobre los asuntos aquí en controversia. Según se desprende del expediente ante nuestra consideración, dicha investigación demostró que aparentemente había causa suficiente para procesar al señor Maldonado De Jesús y al señor Vick, no así a los funcionarios públicos sujetos a esta investigación.

**Ante esos resultados, y de conformidad con la normativa antes expuesta, el PFEI carecía de autoridad para procesar a las personas particulares. Y es que, al no encontrar evidencia suficiente para vincular a los funcionarios públicos en el comportamiento delictivo en cuestión, no se configuraba el escenario plasmado en el**

**inciso tres (3) del Art. 5 de la Ley del PFEI, *supra*.[9] No se cometió, pues, el error señalado.**

Recordemos, que uno de los principios cardinales de interpretación hermenéutica es que "cuando la ley es clara y libre de toda ambigüedad, su texto no debe menospreciarse bajo el pretexto de cumplir su espíritu". Art. 19, Código Civil de PR, 31 LPRA sec. 5341. Véase, *FCPR v. ELA et al.*, 2023 TSPR 26, 211 DPR __ (2023); *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 626 (2022). Véase también J. M. Farinacci Fernós, *Hermenéutica Puertorriqueña: Cánones de Interpretación Jurídica*, San Juan, Editorial InterJuris, (2019), págs. 69-74. En ese sentido, "cuando el legislador se ha expresado en un lenguaje claro e inequívoco, el propio texto de la ley es la expresión por excelencia de la intención legislativa". *Cordero et al. v. ARPe et al.*, 187 DPR 445, 456 (2012). Precisamente, ese es el caso del Art. 5 de la Ley del PFEI, *supra*; el texto esboza, claramente, las únicas dos

---

[9] El Departamento de Justicia tampoco pudo demostrar la existencia de un conflicto de interés, en conformidad con los primeros dos incisos del Art. 5 de la Ley del PFEI, *supra*, que le impidiera a la entidad que éste lidera efectuar el procesamiento del señor Maldonado De Jesús y del señor Vick. Recordemos que fue prácticamente a petición del PFEI que el Secretario de Justicia levantó el alegado conflicto. Además, los intercambios en las mencionadas cartas son confusos y escuetos.

En particular, la alegación de conflicto más clara se presentó en la primera misiva; sin embargo, dicho documento solo aludió al procesamiento de los funcionarios o exfuncionarios públicos en cuestión. En cuanto a la carta que versa sobre los recurridos, la misma no evidencia ni siquiera la existencia de un conflicto. Ello, pues solo se alega la existencia de un problema, pero no se identifica el mismo y mucho menos se detalla. Lo anterior, a nuestro parecer, no es suficiente para justificar que el PFEI, -- un cuerpo creado para regular de forma excepcional el comportamiento indebido de funcionarios y exfuncionarios públicos --, intervenga con una **persona particular**.

instancias en las que el PFEI puede intervenir con **personas particulares**. En esta ocasión no estábamos ante ninguna de ellas.

No empece a lo anterior, hoy, desde este estrado apelativo de última instancia, una mayoría de mis compañeros y compañeras, vuelven a ampliar, sin justificación válida para ello, la autoridad del PFEI para procesar a **personas particulares**. Y se amplía, lastimosamente, en contravención de los derechos de la ciudadanía.

V.

**Sentenciado ello, lo anterior no es óbice para que el juez que suscribe reconozca el delicado escenario dentro del cual se desarrollaron los alegados actos delictivos del señor Maldonado De Jesús y el señor Vick, entiéndase, la crisis provocada por la pandemia del COVID-19. Tampoco debe entenderse que nuestras expresiones avalan la impunidad de los delitos aparentemente cometidos por estos últimos, si es que, en su día, se logra demostrar más allá de duda razonable que, en efecto, éstos se cometieron. Nuestra disconformidad alude solamente al uso del PFEI como un segundo Departamento de Justicia.**

VI.

Por todo lo anterior, energéticamente disentimos.

Ángel Colón Pérez
Juez Asociado